IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILBER SPENCER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  C.A. No. 25-352 (JLH) |
| | ) |
| AMERICAN ARBITRATION | ) |
| ASSOCIATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

In this action, *pro se* Plaintiff Wilber Spencer, Jr., seeks to vacate an arbitration award delivered in favor of Defendant Kraft Heinz Company (herein, "Defendant"). (*See* D.I. 1-1.) On March 21, 2025, the action was removed to this Court. Defendant now moves to dismiss because Plaintiff's petition to vacate was not served within 90 days of the award being delivered. (*See* D.I. 4.) The Court will grant the motion.

Plaintiff's petition reflects, and Defendant agrees, that the parties engaged in arbitration, resulting in an award governed by the Federal Arbitration Act (FAA). (*See* D.I. 1-1, D.I. 5.) The parties agree that the date of the award was November 4, 2024. The parties also agree that Plaintiff served a petition to vacate the arbitration award on Defendant on February 28, 2025, which was outside the FAA's three-month deadline for serving an opposing party with notice of a motion to vacate. *See* 9 U.S.C. § 12. (D.I. 1-1, 5, 7, 9.) Dismissal is therefore appropriate. *See, e.g., Broome v. Am. Fam. Life Assurance Co. of Columbus*, No. 20-2852, 2021 WL 5355937, at *2 (3d Cir. Nov.

17, 2021) (district court properly dismissed complaint seeking to vacate arbitration award because process was not served within three months after the award was delivered).[1]

NOW, THEREFORE, this 5th day of November, 2025, IT IS HEREBY ORDERED that:

1. Defendant Kraft Heinz Company's motion to dismiss (D.I. 4) is **GRANTED**. Plaintiff's "Motion to Dismiss the Respondent's Motion to Dismiss Plaintiff's Complaint" (D.I. 8) is **DENIED**. Plaintiff's Complaint (D.I. 1-1) is **DISMISSED**. Amendment is futile.

3. The parties' other motions (D.I. 10, 15, 17, 18, 19, 23) are **DENIED** as moot.

4. The Clerk of Court is directed to **CLOSE** this case.

_____
The Honorable Jennifer L. Hall
United States District Judge

---

[1] Plaintiff says that he is entitled to equitable tolling because he contacted Defendant for a service address and instructions but never received them. (See D.I. 7.) Assuming that equitable tolling does apply to 9 U.S.C. § 12, the circumstances proffered by Plaintiff don't warrant its application here.