**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WILBER SPENCER, JR.,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN ARBITRATION ASSOCIATION, JAMES W. MASTRIANI, and KRAFT HEINZ COMPANY,<br><br>Defendants. | C.A. No. 25-352-JLH |

# MEMORANDUM ORDER

At Wilmington, this 28th day of September, 2026;

WHEREAS, *pro se* Plaintiff (Petitioner) Wilber Spencer, Jr., originally brought this action in the Delaware Court of Chancery, seeking to vacate an arbitration award (D.I. 1-1);

WHEREAS, Defendant (Respondent) Kraft Heinz Company ("Kraft") removed the action to this court (D.I. 1);

WHEREAS, Kraft subsequently moved to dismiss the action as untimely (D.I. 4);

WHEREAS, the Court granted Kraft's motion to dismiss (D.I. 27) and closed the case;[1]

---

[1] The Court explained as follows:

> Plaintiff's petition reflects, and Defendant agrees, that the parties engaged in arbitration, resulting in an award governed by the Federal Arbitration Act (FAA). (*See* D.I. 1-1, D.I. 5.) The parties agree that the date of the award was November 4, 2024. The parties also agree that Plaintiff served a petition to vacate the arbitration award on Defendant on February 28, 2025, which was outside the FAA's three-month deadline for serving an opposing party with notice of a motion to vacate. *See* 9 U.S.C. § 12. (D.I. 1-1, 5, 7, 9.) Dismissal is therefore appropriate. *See, e.g.*, *Broome v. Am. Family Life Assur. Co.*, No. 20-2852, 2021 WL 5355937, at *2 (3d Cir. Nov. 17, 2021) (district court properly dismissed complaint seeking to vacate arbitration award because process was not served within three months after the award was delivered).

(D.I. 27 at 1–2.)

WHEREAS, Plaintiff now seeks reconsideration of the Court's decision, arguing that (1) his petition to vacate was timely, and (2) the Court lacks subject matter jurisdiction (D.I. 28, 42);

NOW, THEREFORE, IT IS HEREBY ORDERED that, for the reasons stated below, Plaintiff's motion for reconsideration (D.I. 28) is DENIED.

1. Petitioner points out that he filed his petition to vacate on February 3, 2025. But the FAA requires that "[n]otice of a motion to vacate, modify, or correct an award must be ***served*** upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12 (emphasis added). There is no dispute that the arbitration award was entered on November 4, 2024. (*See* D.I. 1-1 at ¶ 2; D.I. 5 at 2.) Plaintiff's own exhibits demonstrate that service occurred more than 90 days later. (*See* D.I. 28-1, Ex. A at 1 (certified mail receipt dated February 24, 2025); D.I. 28-1, Ex. B at 2 (Court of Chancery docket reflecting "certificate of service" on February 28, 2025); D.I. 30 at ¶ 2 ("On February 24, 2025, I filed and served certified copies of my Petition to both Respondents."); *see also* D.I. 1 at ¶ 2 ("[Kraft] was served with the Petition on February 25, 2025[,] by certified mail on its Registered Agent in Delaware, CSC.").) Whether the date of service was February 24, 25, or 28 is of no matter, as all three dates are after the statutory deadline.

2. I reject Petitioner's argument that the Court lacks subject matter jurisdiction. Plaintiff cites *Badgerow v. Walters*, 596 U.S. 1 (2022), which held that a district court has jurisdiction over a petition to vacate an arbitral award if it is clear from the face of the application that the court would have jurisdiction over the underlying controversy. *Id.* at 9–14. Here, it is clear from Plaintiff's petition that this Court has subject matter jurisdiction over the underlying controversy, which arises under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (*See* D.I. 1-1 at ¶¶ 1, 2, 14, 69, 76, 80, 84, 94, 97, 99.) Indeed, following

*Badgerow*, federal courts have concluded that there is federal jurisdiction over actions to confirm, vacate, or otherwise modify labor arbitration awards. *See, e.g.*, *Greenhouse Holdings, LLC v. Int'l Union of Painters & Allied Trades Dist. Council 91*, 43 F.4th 628, 631 (6th Cir. 2022) ("Simply put, when a party moves to vacate a labor-arbitration award, the LMRA provides an independent basis for jurisdiction that's clear 'on the face of the motion to vacate itself.'" (citing *Badgerow*, 596 U.S. at 9)); *see also Wheeling Power Co. - Mitchell Plant v. Loc. 492, Util. Workers Union of Am., AFL-CIO*, 145 F.4th 468, 474 n.3 (4th Cir. 2025).

3. The Court has considered *pro se* Plaintiff's remaining arguments and finds them without merit. Plaintiff contends that his petition to vacate itself "does not assert an LMRA § 301 claim, but rather seeks vacatur based upon arbitrator misconduct, evident partiality, and Delaware vacatur law." (D.I. 42 at 2.) But Plaintiff's reasons for seeking vacatur are beside the point. Plaintiff is seeking to vacate an arbitration award, and the underlying controversy arose under the LMRA. That means that this Court has jurisdiction.

IT IS FINALLY ORDERED that "Plaintiff's Motion for Entry of Default Against Defendant James W. Mastriani (Arbitrator)" (D.I. 31) and "Plaintiff's Motion for Default Judgment Against Defendant James W. Mastriani (Arbitrator)" (D.I. 32) are DISMISSED.[2]

The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

[2] Plaintiff filed these motions after the Court dismissed his petition. In any event, the petition to vacate was untimely, and it was not procedurally necessary or appropriate to name the arbitrator as a party. 9 U.S.C. §§ 10, 12.